# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HAROLD L. PLESS, JR.,           )
                                )
       Petitioner,          )
                                )
v.                              )        1:12CV271
                                )
SHERIFF BRAD RILEY,             )
                                )
       Respondent.          )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

3. Petitioner's claims relate to state court charges which are still pending. As such, they would have to be brought under 28 U.S.C. § 2241. Further, to the extent that Petitioner wishes to have this court intervene in ongoing state criminal proceedings, this is generally not proper. As Petitioner has been told in the past, this Court does not supervise or manage state trial courts. Here, Petitioner's claims attack the credibility of a witness against him, argue the weight of the evidence, and raise procedural points of state law. Petitioner has

not shown the "extraordinary circumstances" required for a federal court to intervene in a pending state court criminal matter. See Duran v. Thomas, No. 10-2029, 2010 WL 3374095 (3rd Cir. Aug. 27, 2010)(unpublished) . He will have the opportunity to raise these claims in his criminal proceedings in state court at a later time if they are proper claims. He should not continue to raise them in this Court prior to his state court trial.

4. Petitioner appears to admit that he has not exhausted his state court remedies as to his claims. (Docket Entry 1, § 12.) As to some of his claims, he may have filed a petition for habeas corpus in the trial court, but he does not appear to have appealed the denial of that petition. As to other claims, he may have filed nothing at all. His claims should be dismissed. See Duran, supra; Simpson v. King, No. 2:10-cv-00972, 2010 WL 3703043 (S.D.W. Va. Sept. 1, 2010) (unpublished recommendation adopted in Simpson v. King, 2010 WL 3703039 (S.D.W. Va. Sept. 14, 2010)).

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. Petitioner should not continue to raise the same pretrial claims concerning evidence and procedural deficiencies and should not bring any claim in this Court unless his remedies as to that claim have been completely exhausted in the state courts. This Court has no power to hear unexhausted claims. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow if he seeks to file proper and exhausted claims.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition. Petitioner should not continue to raise the same improper pretrial evidentiary and procedural claims or claims which are not exhausted.

                                          /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                    **United States Magistrate Judge**

Date: April 6, 2012